Filed 5/1/23  P. v. Bunton CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONNIE LOVELLE BUNTON,<br><br>    Defendant and Appellant. | B320830<br><br>(Los Angeles County<br>Super. Ct. No. A953199) |

THE COURT:

Defendant Ronnie Lovelle Bunton appeals from the trial court's order denying his postjudgment petition for resentencing under Penal Code[1] section 1172.6.[2]  Having found no error, we affirm the court's order.

## BACKGROUND

On March 14, 1989, a jury convicted Bunton of first degree murder, residential burglary and robbery.  The jury found true the

---

[1] Undesignated statutory references are to the Penal Code.

[2] Bunton petitioned the court pursuant to section 1170.95.  Effective June 30, 2022, that section was renumbered section 1172.6, with no change in the text.  (Stats. 2022, ch. 58, § 10.)

allegation Bunton personally used a knife during the commission of the murder and the special circumstances that he committed the murder during the commission of residential burglary and robbery. (*People v. Bunton* (Jan. 6, 1992, B041809) [nonpub. opn].) Bunton was sentenced to a term of life without the possibility of parole. (*Ibid.*)

The victim, Dr. Audry Derrick, was a Presbyterian minister and Bunton's neighbor. She was overheard complaining about Bunton's repeated requests for money, all of which she rejected. Bunton's fingerprints were recovered from inside Derrick's ransacked home. Items of value belonging to Derrick were found in Bunton's home. (*People v. Bunton, supra*, B041809.)

Bunton appealed from the judgment. We rejected Bunton's claims of instructional, evidentiary, and sentencing errors and affirmed the judgment. (*People v. Bunton, supra*, B041809.)

After Bunton's conviction, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), amending sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature also added what is now section 1172.6, which provides a procedure for those convicted of murder to seek retroactive relief if they could not now be convicted under the amended laws. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)

Bunton filed a section 1172.6 petition on July 30, 2021, alleging that he had been convicted of murder under the felony-murder rule or the natural and probable consequences doctrine, and that he was not the actual killer or aided and abetted with the intent to kill. Bunton was represented by private counsel.

The prosecutor filed opposition and attached copies of this court's 1992 opinion, the jury instructions, and the verdict forms.

The trial court reviewed the documents submitted by the parties and issued a tentative ruling denying the petition on April 4, 2022. The

court found Bunton had not demonstrated a prima facie case that he qualified for relief under the statute, as he was prosecuted and convicted as the actual killer who personally used a deadly weapon. The court continued the hearing pursuant to the parties' stipulation.

At the continued hearing on May 13, 2022, Bunton's counsel informed the trial court that Bunton is "waiving his appearance. He understands what the court is likely to do, and based on that, we would submit." The court then denied the petition.

Bunton filed a timely notice of appeal from the order of denial.

### DISCUSSION

After examination of the record, appellate counsel filed an opening brief raising no issues. Where appellate counsel finds no arguable issues in an appeal that is not the first appeal after conviction, we are not required to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738, [87 S.Ct. 1396, 18 L.Ed.2d 493]. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226.) However, even if we do not independently review the record to identify unraised issues in such a case, we give the defendant the opportunity to file his own supplemental brief or letter and we evaluate any specific arguments raised. (See *Delgadillo*, at p. 232.)

Here, counsel provided Bunton with a copy of the record on appeal, informed him of his right to file his own supplemental brief, and that the Court of Appeal may dismiss his appeal as abandoned if he does not do so.

On February 17, 2023, we notified Bunton of counsel's brief and gave him 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered. More than 30 days have elapsed since Bunton was so notified, and to date, Bunton has not filed a supplemental brief or letter. As Bunton has failed to raise any arguments to be addressed, we may dismiss the appeal as abandoned.

Nevertheless, we affirm the trial court's order based upon a limited review, as "appellate courts can often readily confirm that a

defendant is ineligible for relief as a matter of law without conducting an independent review of the entire record." (*People v. Delgadillo, supra*, 14 Cal.5th at p. 230.) We have taken judicial notice of the appellate record in *People v. Bunton, supra*, B041809, and we have reviewed the verdicts rendered against Bunton, the jury instructions, and the procedural history set forth in the appellate opinion. During the prima facie review, if the record of conviction contains facts refuting the allegations of the petition as a matter of law, no prima facie showing can be made, and the petition is properly denied. (*People v. Lewis, supra*, 11 Cal.5th at p. 971.)

Here, there is no evidence that someone besides Bunton was involved in the charged crimes; Bunton did not act as an aider and abettor. As the jury found, Bunton acted alone as the actual killer and personally used a knife in the commission of the murder. Accordingly, Bunton is ineligible for relief under section 1172.6 as a matter of law.

## DISPOSITION

The order denying the Penal Code section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.